# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JESSE SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-2699-STA |
| | ) |
| AMERICAN REGISTRY OF | ) |
| RADIOLOGICAL TECHNOLOGISTS, | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant American Registry of Radiological Technologists' Motion to Dismiss (D.E. # 3) filed on August 15, 2011. Plaintiff Jesse Scott has filed a response in opposition, and Defendant has filed a reply brief. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

The Complaint alleges that Plaintiff Jesse Scott is a medical x-ray operator and has to maintain a license through the American Registry of Radiological Technologists ("ARRT"). (Compl. ¶ 6.) Plaintiff applied to renew his license on March 15, 1995. (*Id.* ¶ 8.) Question 2 on the renewal application asked Plaintiff whether he had ever been convicted of a felony or misdemeanor. (*Id.* ¶ 9.) Plaintiff alleges that in previous applications with ARRT, he had truthfully answered that he had committed misdemeanor offenses; however, on his 1995 renewal application, he answered

1

"no" out of confusion. (*Id.* ¶ 10.)[1] Because Plaintiff's answer on his 1995 application differed from his previous applications, Defendant ARRT denied the application. (*Id.* ¶ 11.) Thereafter, Defendant instructed Plaintiff to submit new supporting documentation to regain his license. (*Id.* ¶ 12.) Despite the additional documentation Plaintiff submitted, Defendant denied Plaintiff's attempt to gain a new license and continued to deny his renewed efforts. (*Id.* ¶ 17.) At some point, Defendant informed Plaintiff that he would need to retake the radiological technologist curriculum, a two-year course of study, in order to regain his certification. (*Id.* ¶ 18.) Plaintiff alleges that Defendant's actions have denied him his due process rights under the U.S. Constitution as well as the Constitution of the State of Tennessee. (*Id.* ¶ 19.) Plaintiff also seeks to hold Defendant liable for intentional interference with a business relationship, unfair trade practices, misrepresentation, fraud, and discrimination under the Tennessee Human Rights Act.

Defendant ARRT removed this case from the Chancery Court of Shelby County, Tennessee, on August 15, 2011. In its Motion to Dismiss, Defendant argues that all of Plaintiff's claims are time-barred. The statute of limitations for Plaintiff's claims range from one year to five years. In this case, Plaintiff has alleged that his renewal application for his professional license was rejected in 1995. Plaintiff's vague references to a continuing violation are insufficient to toll any of the statutes of limitations. As a matter of pleading, all of Plaintiff's claims are therefore time-barred. Defendant also argues that Plaintiff's Complaint fails to plead even a formulaic recitation of the essential elements of any of his causes of actions. For instance, Plaintiff has failed to allege that ARRT is a state actor for purposes of due process liability. Nor has Plaintiff alleged that he was

---

[1] According to the Complaint, Plaintiff was charged in 1992 with carrying a firearm, a misdemeanor offense. (*Id.* ¶ 14.)

deprived of a constitutionally protected property interest. All of Plaintiff's remaining claims – intentional interference with a business relationship, unfair trade practices, the Tennessee Consumer Protection Act, the Tennessee anti-trust statute, or the Tennessee Human Rights Act, fraud – suffer from the same lack of specificity. Therefore, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6).

In response, Plaintiff simply asserts that he has pled the essential elements of all of his claims. Plaintiff contends that none of his claims are time-barred because he "continues to be denied registration with the ARRT" and that the alleged "violations are still occurring." Pl.'s Resp. 3. Plaintiff further requests leave to amend his complaint in order to "reduce the number of claims in his Complaint." Plaintiff has not attached a copy of a proposed amended pleadings.

**STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[2] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[3] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[4]

---

[2] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[3] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[4] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[6] In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

## **ANALYSIS**

The Court holds that the threadbare allegations of Plaintiff's pleadings fail to state any plausible claim for relief. Plaintiff has simply alleged that Defendant denied his professional license renewal in 1995. Otherwise, Plaintiff has not provided any factual support for his contention that Defendant is liable to him under any of the several legal theories casually mentioned in the pleadings. In response to the Motion to Dismiss, Plaintiff has requested leave to amend his complaint for the purpose of reducing the number of claims. The fatal flaw in Plaintiff's pleadings, however, is not that he has alleged too many causes of action but too few facts to support any one of his causes of action. For example, Plaintiff alleges that Defendant violated his due process rights

---

[5] Fed. R. Civ. P. 8(a)(2).

[6] *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

[7] *Iqbal*, 129 S.Ct. at 1949-50; *Twombly*, 550 U.S. at 570.

[8] *Iqbal,* 129 S.Ct. at 1949.

4

by denying his application, apparently in 1995. And yet in response to Defendant's argument that it is not a state actor and cannot be liable for a due process violation, Plaintiff has not attempted to show how Defendant could be liable, as a state actor or otherwise. Likewise, Plaintiff alleges that Defendant's actions have intentionally interfered with a business relationship but never mentions what relationship suffered this interference, when the interference occurred, or how Defendant is liable. With respect to his claim of discrimination in violation of the THRA, Plaintiff has wholly omitted any facts to show what protected class he belongs to, much less pleaded that he suffered some form of discrimination on account of his protected status. In light of Plaintiff's failure to state any claim, the Court need not consider Defendant's argument that these claims are time-barred. Therefore, Defendant's Motion to Dismiss is **GRANTED**.

Furthermore, the Court finds no reason to allow Plaintiff leave to amend his complaint. Defendant has raised a number of valid arguments about the defects in Plaintiff's pleadings. In response, Plaintiff has simply sought leave to amend rather than specify what additional facts he could plead in an amended complaint to cure the defects Defendant has identified. The Sixth Circuit has held that a motion for leave to amend under Rule 15(a) is governed by Rule 7(b), which states that a motion "shall state with particularity the grounds for seeking the order."[9] Where a party seeking leave to amend does so "in a single sentence without providing grounds or a proposed amended complaint to support" the request, the Sixth Circuit has held that the party fails to state the grounds for relief with particularity.[10] More specifically, "a bare request in an opposition to a motion to dismiss. . . without any indication of the particular grounds on which amendment is sought" is

---

[9] *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006) (citations omitted).

[10] *Id*.

insufficient.[11] In this case, Plaintiff has cited Rule 15 and simply argued that he could reduce the number of claims in his pleadings. Plaintiff has not stated what new facts he could add in support of any of his theories of recovery. The Court finds that Plaintiff's request to amend is exactly the type of "bare allegation" the Sixth Circuit has held to be inadequate as a motion for purposes of Rules 7(b) and 15(a). Therefore, Plaintiff's request is **DENIED**.

    **IT IS SO ORDERED.**

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

                                                Date: November 18th, 2011.

---

[11] *Id*. (citing *Confederate Mem. Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)).